IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT J. PETERICH,

        Plaintiff,

v.

COLUMBIA COUNTY, COLUMBIA COUNTY POLICE, and STATE OF OREGON,

        Defendants.

Case No. 3:20-cv-00342-SI

ORDER TO DISMISS

SIMON, District Judge.

    Plaintiff, an inmate at FCI-Sheridan, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

    Plaintiff alleges that on an undetermined date, unidentified law enforcement officers in Columbia County used

1 - ORDER TO DISMISS

excessive force against him during the course of an arrest. He claims that although he was standing with his hands in the air surrendering to the officers, the officers released a police dog which attacked Plaintiff resulting in scarring and nerve damage in his arm. Plaintiff ask the Court for injunctive relief as well as money damages totaling $4,000,000.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in

2 - ORDER TO DISMISS

support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

Plaintiff brings this lawsuit against Columbia County, the "Columbia County Police," and the State of Oregon. Plaintiff's claims against the State of Oregon (OR AGENCY) are not cognizable because it is well established that, absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an agency acting under its control. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Accordingly, the State of Oregon is dismissed form this lawsuit. The action may proceed, however, against the Columbia County Defendants.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the State of Oregon is DISMISSED from this lawsuit. The action may continue against Defendants Columbia County and Columbia County Police.

3 - ORDER TO DISMISS

The Court will ask Columbia County Counsel to waive service in this matter.

IT IS SO ORDERED.

DATED this 3rd day of April, 2020.

　　　　　　　　　　　　　　　　／s／ Michael H. Simon
　　　　　　　　　　　　　　　　Michael H. Simon
　　　　　　　　　　　　　　　　United States District Judge

4 - ORDER TO DISMISS