IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT J. PETERICH**, | Case No. 3:20-cv-342-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COLUMBIA COUNTY and COLUMBIA COUNTY POLICE**, | |
| Defendants. | |

Robert J. Peterich, *pro se*.

Gerald L. Warren and Aaron P. Hisel, LAW OFFICE OF GERALD L. WARREN AND ASSOCIATES, 901 Capitol Street, NE, Salem, Oregon 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Robert J. Peterich (Plaintiff), representing himself, brings this lawsuit against Columbia County and the Columbia County Police, also known as the "Columbia County Sheriff's Office" (collectively, Defendants) under 42 U.S.C. § 1983, alleging excessive force in violation of Plaintiff's Fourth Amendment rights. Columbia County Sheriff's Deputies pursued Plaintiff in a car chase after identifying Plaintiff as a suspect in a bank robbery. Plaintiff then fled his car on foot and ran into a forest. Law enforcement officers then used a police K-9 dog to find and apprehend Plaintiff. The dog bit Plaintiff on the arm, causing injury. Plaintiff alleges that this

was an unconstitutionally excessive use of force. Defendants move for summary judgment. Plaintiff opposes Defendants' motion. Plaintiff also moves to amend his complaint to add as individual defendants the Sheriff's Deputy who released the dog (ECF 45) and a Sergeant from the Columbia County Sheriff's Office who was present at the scene (ECF 47). Plaintiff also moves to amend his complaint by adding (or substituting) the Columbia County Sheriff's Office as a municipal defendant (ECF 45). The Court grants in part and denies in part Plaintiff's motion for leave to amend and GRANTS Defendants' motion for summary judgment.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND[1]

On October 15, 2019, a man committed a bank robbery in St. Helens, Oregon. The robber passed a note to a bank teller while concealing one hand inside his jacket, giving the appearance of being armed. Shortly thereafter, Plaintiff was seen driving and was identified by law enforcement as the suspect in the recent bank robbery, based on his physical appearance and

---

[1] The following facts have been established by Defendants through declarations, official police reports, and body camera footage from the officers involved. Plaintiff responded to Defendants' motion and listed what he believes to be issues of fact, but Plaintiff failed to provide any evidence showing a genuine dispute. The Court sua sponte offered Plaintiff a further opportunity to submit evidence supporting his contentions and advised Plaintiff about the importance of doing so when responding to a motion for summary judgment. The Court also advised Plaintiff that he must identify a policy, practice, or custom that supports his claim against a municipal entity. Plaintiff did not submit anything in response.

vehicle description. When law enforcement officers tried to pull over Plaintiff's car, Plaintiff failed to stop and attempted to evade arrest, leading law enforcement on a car chase for about 45 minutes. At times, the chase achieved high rates of speed. The car chase ended when Plaintiff, driving on a dirt road through a heavily forested area, drove off the road and into some underbrush. Plaintiff then fled on foot into thick underbrush in the forest.

One pursuing law enforcement officer, Columbia County Sheriff's Deputy Cody Pesio, had his K-9 dog with him. Deputy Pesio's pursuit of Plaintiff was recorded by his body camera. Upon arriving at the spot where Plaintiff had abandoned his vehicle and fled on foot into a forest, Deputy Pesio released his dog from the patrol car, instructing the dog multiple times to "park it" or "parkin," once to "get him," and again to "park it." These commands are referred to as the "search and bite" commands in Deputy Pesio's written report about the incident. The dog ran in circles near Deputy Pesio but had not yet begun to search the forest.

Deputy Pesio then yelled out, "Sheriff's office, you're going to be bit by a dog," into the area he believed the suspect to be hiding. Deputy Pesio then released the dog and instructed the dog to "find him." The dog then ran into the forest. Deputy Pesio instructed other officers over his radio to "hold" and that the dog would find Plaintiff. Deputy Pesio then remained quiet. Whether Plaintiff verbally tried to surrender, no such surrender can be heard on the body camera footage. About 47 seconds after Deputy Pesio issued his verbal dog bite warning, Deputy Pesio heard Plaintiff begin to scream. Deputy Pesio yelled "dog bite, dog bite" and ran in the direction of the noise that Plaintiff was making. After making his way through underbrush and trees for about 20 seconds, Deputy Pesio came upon Plaintiff. After Deputy Pesio saw Plaintiff, the deputy instructed Plaintiff to show his hands. Deputy Pesio's body camera shows Plaintiff behind a large bush, on the ground with the dog's mouth attached to Plaintiff's right arm.

Plaintiff's left arm is visible. Deputy Pesio then began to remove the dog from Plaintiff's arm. During this process, Deputy Pesio's body camera turns off.

Meanwhile, Columbia County Sheriff's Sergeant William Haas was located down the dirt road from where Plaintiff had abandoned his vehicle. Sergeant Haas never entered the forest area where Deputy Pesio and the dog apprehended Plaintiff. Instead, Sergeant Haas pulled behind a truck, which was driven by a man (Bystander) who had accidentally caused Plaintiff to drive off the road. Sergeant Haas advised Bystander that Sergeant Haas was wearing an active body camera and that their conversation was being recorded. As Bystander explained to Haas, Bystander was driving on the dirt road when Plaintiff came up fast behind Bystander's truck, and Bystander was unable to move over in time to let Plaintiff pass. Sergeant Haas took Bystander's information and informed him that law enforcement had been pursuing a suspected bank robber and that Bystander's role had helped end the chase.

Plaintiff was arrested, read his *Miranda* rights, and taken into custody. He is seen on camera walking out of the forest with several law enforcement officers, when Plaintiff acknowledges that the vehicle on the side of the dirt road was his car and that he was the person driving during the car chase. Plaintiff was treated on the scene by paramedics for the dog bite on his right arm and was then transported to a hospital for further treatment.

## DISCUSSION

Defendants move for summary judgment on the basis that Plaintiff's arrest was lawful because the use of a K-9 team to capture him was objectively reasonable, given the lengthy attempt by Plaintiff to evade capture for a suspected bank robbery and Plaintiff's attempt to hide in a dense forest. Defendants also argue that Plaintiff has not identified a policy, practice, custom or procedure that caused the alleged constitutional violation. As municipal entities, Columbia County and the Columbia County Sheriff's Office cannot be liable for a § 1983 injury inflicted

by an employee unless their policies or procedures were the moving force of the alleged harm. Plaintiff never responded to Defendants' motion with any evidence showing a material dispute of fact that would preclude summary judgment, despite the *sua sponte* extension of time and order from this Court explaining the importance of providing evidence in response to a motion for summary judgment. Plaintiff moves for leave to amend to add the individual law enforcement officers as defendants and to correctly identify the Columbia County Sheriff's Office.

### A. Motion for Leave to Amend

Plaintiff seeks leave to amend to add Officers Pesio and "Axon" and the Columbia County Sheriff's Office as Defendants. ECF 45 (Pesio and Columbia County Sheriff's Office) and ECF 47 (Pesio and "Axon"). Plaintiff, however, erroneously refers to an "Officer Axon," when he appears to mean to refer to Sergeant Haas. The description Plaintiff provides of "Officer Axon's" conduct matches the content of the body camera footage provided by Sergeant Haas, which contains a label at the top that says "Axon Body 2." There is no one named "Officer Axon" who is implicated in these events.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (simplified). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v.*

*Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (alterations added, emphasis in original). When weighing the factors, all inferences should be made in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

1. **Leave to Add Sheriff's Office as a Defendant**

Defendants, in their Motion for Summary Judgment, construe Plaintiff's allegations against the "Columbia County Police Department" as against the Columbia County Sheriff's Office. Plaintiff's request to effectuate this change highlighted by Defendants will cause no prejudice to Defendants. The arguments put forth by Defendants in support of their motion for summary judgment are based on an understanding that the Sheriff's Office is the appropriate defendant. No bad faith or delay is evident in Plaintiff's motion to amend to add the correct defendant by naming the Columbia County Sheriff's Office. The Court grants Plaintiff's motion to amend by adding (or substituting) the Columbia County Sheriff's Office as a defendant.

2. **Leave to Add Individual Officers**

Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal. *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings

that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))). If the underlying facts or circumstances possibly could "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see, e.g.*, *Miller*, 845 F.2d at 214, although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Barber v. Select Rehab., LLC*, 2019 WL 2028519, at *1 (D. Or. May 8, 2019) (quotation marks omitted).

      a. **Sergeant Haas**

Plaintiff moves to add allegations against Sergeant Haas of the Columbia County Sheriff's Office. Plaintiff alleges that Sergeant Haas was standing near where Plaintiff was being pursued on foot, that Bystander was concerned about what was going on, and that Sergeant Haas warned Bystander that their conversation was being recorded. Plaintiff argues that this was an attempt to "cover up" Bystander's concern over official conduct. Plaintiff further alleges that Sergeant Haas attempted to "cover up" evidence showing that law enforcement knew that Plaintiff was unarmed.

Plaintiff has not identified any constitutional violation committed by Sergeant Haas or facts supporting any such violation. The body camera evidence upon which Plaintiff bases his allegations shows Sergeant Haas alerting Bystander, who had been involved at the end of the

chase, that their conversation was being recorded. Even when construed in the light most favorable to Plaintiff, nothing about this is illegal. Further, Plaintiff has not alleged any facts supporting his allegation that Sergeant Haas was attempting to "cover up" anything, including knowledge that law enforcement "knew" that Plaintiff was unarmed. Plaintiff's conclusory and bare allegations, especially in light of recordings showing that law enforcement officers believed that Plaintiff was possibly armed, are insufficient and not plausible. Because Plaintiff has not brought any allegations against Sergeant Haas plausibly showing that Sergeant Haas violated any of Plaintiff's rights, Plaintiff's motion to amend amendment to include Sergeant Haas as a defendant is denied as futile.

      b. **Deputy Pesio**

Plaintiff moves to add allegations against Deputy Pesio. Plaintiff has not stated with any clarity what his claim is against Deputy Pesio, except to identify him as the dog handler. Construing a *pro se* plaintiff's pleadings liberally, and affording him the benefit of the doubt, the Court understands Plaintiff's claim against Deputy Pesio in this instance to be part of his excessive force claim.

Amendment to add Deputy Pesio is futile because under the facts alleged and construed in the light most favorable to Plaintiff, Deputy Pesio is protected under the doctrine of qualified immunity because he did not violate a clearly established constitutional right. "The doctrine of qualified immunity protects government officials from liability for civil damages." *Wood v. Moss*, 134 S.Ct. 2056, 2066-67 (2014); *Krainski v. Nevada ex. Rel. Bd. of Regents*, 616 F.3d 963, 968 (9th Cir. 2010). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Whether qualified immunity can be invoked

turns on the 'objective legal reasonableness' of the official's acts. And reasonableness of official action, in turn, must be 'assessed in light of the legal rules that were clearly established at the time [the action] was taken.'" *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1866 (2017) (citation omitted) (alteration in original) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982), and *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "The privilege is an *immunity from suit* rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) (quotation marks omitted) (emphasis in original). For this reason, the Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

In *Saucier*, the Supreme Court outlined a two-step process for determining the applicability of the qualified immunity doctrine. 533 U.S. at 200. The first step is to determine "whether a constitutional right would have been violated on the facts alleged." *Id*. The second step is to determine "whether the right was clearly established." *Id*. The constitutional issue, however, need not be addressed first in every case. *Pearson*, 555 U.S. at 227. Regardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not clearly established or the officer could have reasonably believed that his particular conduct was lawful. *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991).

To determine whether a government official's conduct violates clearly established law, "a court must ask whether it would have been clear to a reasonable officer that the alleged conduct was unlawful in the situation he confronted." *Ziglar*, 137 S.Ct. at 1867. To be clearly established, "[i]t is not necessary . . . that the very action in question has previously been held unlawful. That is, an officer might lose qualified immunity even if there is no reported case directly on point. But in the light of pre-existing law, the unlawfulness of the officer's conduct must be apparent.

*Id.* (citations and quotation marks omitted). The plaintiff bears the burden of making a showing that the right was clearly established at the time of the alleged violation. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). When considering whether qualified immunity applies, the court must resolve all factual disputes in favor of the party asserting the injury. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1064 (9th Cir. 2013).

No clearly established constitutional right was violated when Deputy Pesio used his dog to locate and apprehend Plaintiff under the facts before the Court. In *Mendoza v. Block*, the Ninth Circuit held that using a police dog to apprehend a suspect fleeing a bank robbery and hiding in bushes was objectively reasonable. 27 F.3d 1357, 1362 (9th Cir. 1994). There, police officers had not chased Mendoza by car, but instead had discovered his abandoned car and traced it to him. Police learned that Mendoza was hiding under bushes on private property near his vehicle. Police suspected he was armed but had no proof or direct knowledge that he was. A search ensued, in which police helicopters were used to announce that a dog would be used if Mendoza did not emerge. A police dog was then released, which found and bit Mendoza. The court held that the use of the dog was objectively reasonable, and that the law supporting that determination was clear at the time of injury. In the almost thirty years since, courts in the Ninth Circuit have generally found that a police officer who uses a police canine to locate and apprehend a criminal suspect will have qualified immunity, except when there are circumstances significantly mitigating the risk that the suspect poses to officers.

Some cases have found that it is not objectively reasonable to allow a police dog to continue attacking after a suspect has been apprehended and is found to be unarmed.[2] Plaintiff

---

[2] *See Koistra v. Cnty. of San Diego*, 310 F. Supp. 3d 1066( 9th Cir. 2018) (law was clearly established that officer could not use canine force against unarmed arrestee after she had surrendered); *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087 (9th Cir. 1998) (holding that

raised no allegations about excessive duration. Plaintiff also has not alleged that Deputy Pesio's verbal warning was insufficient. Even if he had brought such an allegation, however, courts in the Ninth Circuit have not clearly established a constitutional right to a certain form or duration of warning prior to a dog's release. Instead, this is a factor that may be considered when a court is evaluating the objective reasonableness of the use of force.[3]

Under current case law, it is not clearly established that issuing a verbal warning and then using a police canine to locate a possibly armed suspect who fled on foot and hid in a wooded forest after a high-speed car chase, when three or four officers are present but dispersed, is unconstitutional. Therefore, Deputy Pesio is entitled to qualified immunity and cannot be individually liable for civil damages stemming from the dog bite. Thus, any amendment to add Deputy Pesio as an individual defendant would be futile.

**B. Municipal Liability**

The County and the County Sheriff's Office (Municipal Defendants) cannot be liable as municipal entities under a *Monell* claim if there was no constitutional violation in the underlying arrest. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("if a person has suffered no constitutional injury at the hands of the individual officer, the fact that the departmental regulations might have *authorized* the [constitutional injury] is quite beside the point"). If there

---

police officer allowing dog to continue attacking and biting suspect for about 30 seconds after officer had located suspect constituted excessive force); *compare Miller v. Clark Cnty.*, 340 F.3d 959 (9th Cir. 2003) (holding that allowing a dog to hold and bite a suspect's arm for more than one minute until more police officers arrived, when suspect had fled a robbery, led a dangerous car chase, and hid in a forest at night, was objectively reasonable).

[3] "The Ninth Circuit's consideration of verbal warnings as just one factor of many in its analyses of the reasonableness of such seizures supports this conclusion." *McKay v. City of Hayward*, 949 F. Supp. 2d 971, 984 (N.D. Cal. 2013) (collecting cases from other circuits and finding that the Ninth Circuit did not consider the lack of a verbal warning to be a constitutional violation).

was a constitutional violation, a municipal entity may only be liable if its policies or procedures were the "moving force" behind the alleged harm committed by one of its employees or agents. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-695 (1978). Even if an individual officer is immune from liability for damages, if the officer's conduct constituted a constitutional violation "[q]ualified immunity does not shield municipalities from liability" from a *Monell* claim. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Owen v. City of Independence*, 445 U.S. 622, 657 (1980).

Defendants argue that Plaintiff has not alleged any municipal policy, practice, or custom that could function as the "moving force" of the constitutional violation. The Court agrees. Instead of identifying a specific policy, Plaintiff argues that "the policy concerning high speed chases, dog attacks combine[d] with public safety etc. . . . is why Columbia County itself may be liable here. Questions such as Columbia County's Policies, Guidance, memos to police about high speed chases in cities or outside cities are being opposed and disputed by the Plaintiff." ECF 46 at 18. Plaintiff made this argument *after* receiving a copy of "Columbia County Sheriff's Office Policy No. 309" in response to one of Plaintiff's interrogatories. That policy was not submitted as evidence in rebuttal to the motion for summary judgment. Although Plaintiff generally alludes to Defendant's policies, he has not identified any specific policy that he challenges. Plaintiff argues that because he is incarcerated, he cannot explore Columbia County's policies. Yet, Plaintiff sought and received discovery on this very issue.

Plaintiff has not identified any policy, practice, or custom as the moving force for Deputy Pesio's use of force on Plaintiff. The Court granted Plaintiff an extension of time and allowed additional briefing for Plaintiff to specify the basis for his *Monell* claim. Plaintiff, however, did not use this opportunity to identify any County or Sheriff's Office policy that could be

considered the moving force behind the alleged constitutional violation. Because Plaintiff has identified no policy or custom, the Municipal Defendants cannot be held liable in this case. The Court, therefore, grants summary judgment in favor of the Municipal Defendants.

## CONCLUSION

The Court GRANTS Plaintiff's motion to amend to substitute the Columbia County Sheriff's Department as a Defendant instead of the "Columbia County Police Department" but DENIES Plaintiff's motion to amend add as individual Defendants Columbia County Sheriff's Deputy Pesio and Columbia County Sheriff's Sergeant Haas. ECF 45 and 47. The Court GRANTS Defendants' Motion for Summary Judgment. ECF 38. This case is dismissed.

**IT IS SO ORDERED**.

DATED this 28th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge